NELLIE WALKER, Appellee, vs. JACOB GLOS et al.
Appellants.

*Opinion filed April 21, 1910—Rehearing denied June 8, 1910.*

1. EVIDENCE—*parol evidence admissible to show that amount paid on a tax certificate has been re-paid.* In a proceeding to set aside a tax deed as a cloud on title, parol evidence is admissible to show that in a former partition suit to which both complainant and defendant were parties and in which another tax deed held by the defendant was canceled, the complainant had paid to the defendant, as required by the partition decree, the amounts due on other certificates of purchase held by him, including the one on which the tax deed sought to be set aside as a cloud was based.

2. COSTS—*when defendant should pay costs on setting aside tax deed.* If a tax deed is wrongfully taken out by the holder of a certificate of purchase after the amount due on such certificate has been paid to him and the certificate thereby satisfied, it is proper to tax the costs to him on setting aside the tax deed as a cloud on the title of the party who made the payment.

APPEAL from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

DAVID G. ROBERTSON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by the appellee, Nellie Walker, against the appellants, Jacob Glos, Emma J. Glos and Clara L. Glos, in the superior court of Cook county, to cancel as clouds upon her title to lots 6 and 7, in block 16, in John Miller's addition to Irving Park, Cook county, Illinois, three certain tax deeds. An answer and replication were filed and the cause was referred to a master, and a decree was entered setting aside said tax deeds and decreeing that the defendants pay the costs of suit, from which decree defendants have prosecuted this appeal.

The bill alleged said deeds were void because the certificates upon which the same were based had been theretofore set aside in a former suit between the complainant and Jacob Glos and others, and in which suit the amounts paid out for the certificates of sale upon which said tax deeds were issued had been included in the decree setting aside another tax deed upon said premises, and that the holder of said certificates of sale upon which said tax deeds had been issued had been fully compensated for the amounts expended by him in purchasing at the tax sales upon which said tax certificates were issued.

It appears from the record that prior to the 23d day of February, 1905, a bill for partition was pending in one of the courts of record in Cook county for the partition of said lots 6 and 7; that Nellie Walker was the complainant and Jacob Glos was a party defendant to said bill; that on the 23d day of February, 1905, the court entered a decree in said partition suit setting aside and canceling a certain tax deed upon said premises held by Jacob Glos, and that in said decree it was provided that the complainant should pay to Jacob Glos the sum of $164.61 in full on account of all moneys paid out by him upon the tax deed sought to be canceled and set aside and in full of certain tax certificates which said Jacob Glos then held upon said premises, and the complainant in the trial of this case was permitted to prove by parol evidence that the tax certificates upon which the deeds sought to be set aside in this case were based were offered in evidence in that case and were the tax certificates referred to in that decree, and that in making the computation of the amount due Jacob Glos, and for which a decree was entered in that case in his favor, the amounts due upon said certificates were included in and made a part of the amount found to be due Jacob Glos, and which amount has been paid to Jacob Glos in accordance with that decree. The foregoing facts being established, a decree was properly entered canceling such

tax deeds. It is, however, contended by the appellants that the admission of parol evidence to show that the tax certificates upon which the deeds sought to be canceled and set aside in this case were offered in evidence in said partition suit and the amount due thereon was decreed to be paid to said Jacob Glos and said tax certificates were thereby satisfied, was permitting the decree in the partition suit to be changed by parol evidence. We do not understand the object of such parol proof was to change the decree in the partition suit, but it was introduced for the purpose of showing that the complainant in this case had paid to Jacob Glos, who was then the owner of said tax certificates, all that was due upon said tax certificates, for the purpose of relieving the complainant of the payment a second time of the amount due upon the said tax certificates as a condition precedent to setting aside and canceling the said tax deeds as clouds upon the title to her real estate. We are of the opinion the evidence, for the purpose for which it was offered, was properly admitted, The tax certificates having been admitted in evidence in the partition suit and the amount due thereon having been paid to Jacob Glos, it would have been inequitable in this case to have again required the complainant to pay the amount due upon said tax certificates as a condition precedent to canceling the deeds which had been taken out on said certificates after said certificates had been satisfied.

It is also urged that the court erred in taxing the costs of this case to the defendants. It appears to have been the view of the trial court that tax deeds were wrongfully taken out upon said tax certificates after the amount due thereon had been paid and the certificates thereby satisfied. This view, we think, is sustained by the record, and the court did not err in requiring the defendants to pay the costs of this suit.

Finding no reversible error in this record the decree of the superior court will be affirmed.          *Decree affirmed.*